IN THE MATTER OF: YVONNE HELEN BURNEY, REGINALD BURNEY, METESHA TIAWAN BURNEY

No. 8118DC927

(Filed 4 May 1982)

Parent and Child § 1— termination of parental rights—failure to strengthen parent-child relationship—failure to support children

The trial court's conclusion that respondent's parental rights should be terminated because he willfully left his children in foster care for more than two years without responding positively to efforts of the county department of social services to strengthen the parent-child relationship and to make and follow through with constructive planning for the children's future and because he failed to provide any support for the children while they were in the custody of the department of social services for a continuous period of six months next preceding the filing of the termination proceeding was supported by the trial court's findings, including findings establishing respondent's complete failure to make "substantial progress" toward correcting the conditions which led to the removal of the children from his custody, and to provide reasonable support for them, during an extensive period when he was not incarcerated and was gainfully employed, and findings further established respondent's complete failure to attempt to relate to the children during his last period of incarceration.

APPEAL by respondent John Burney from *Yeattes, Judge.* Order entered 15 June 1981 in District Court, GUILFORD County. Heard in the Court of Appeals 9 April 1982.

Respondent John Burney appeals from an order terminating his parental rights pursuant to G.S. 7A-289.32(3) and G.S. 7A-289.32(4).

*Margaret A. Dudley for petitioner appellee.*

*John W. Lunsford for respondent appellant, John Burney.*

WHICHARD, Judge.

G.S. 7A-289.32(3) permits termination of parental rights upon a finding that:

> The parent has willfully left the child in foster care for more than two consecutive years without showing to the satisfaction of the court that substantial progress has been made within two years in correcting those conditions which led to the removal of the child for neglect, or without showing positive response within two years to the diligent efforts of a county department of social services . . . to encourage the parent to strengthen the parental relationship to the child or to make and follow through with constructive planning for the future of the child.

G.S. 7A-289.32(4) permits termination of parental rights upon a finding that:

> The child has been placed in the custody of a county department of social services . . . and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child.

The court here terminated the parental rights of respondent appellant and his wife upon concluding that (1) they had willfully left their children in foster care for more than two consecutive years, (2) the Guilford County Department of Social Services (hereafter "DSS") had diligently encouraged them to strengthen the parental relationship with their children and to make and follow through with constructive planning for the children's future, and neither had responded positively to these efforts, and (3) the children had been placed in the custody of DSS for a continuous period of six months next preceding the filing of the termination petition, and neither had paid any support for the children. Pursuant to the foregoing statutes, these conclusions sustain the order of termination. Respondent appellant has stipulated that the findings of fact are supported by the evidence of witnesses for petitioner, DSS. Whether the findings support the conclusions which sustain the order is thus the sole subject of our inquiry. We hold that they do, and we thus affirm.

The findings reveal, in pertinent part, the following:

DSS received five neglect complaints as to the children in April 1976. It attempted to work with the mother and took no court action at that time. The house in which the children were then living was deplorably unclean.

The children were placed in foster care on 19 October 1977 pursuant to a Voluntary Boarding Home Agreement signed by respondent appellant. Respondent appellant was then in jail awaiting trial. He was incarcerated from October 1977 through August 1978. He wrote DSS six times during that period inquiring about his children and expressing his love and concern for them. He was released on 6 August 1978, and visited with the children on 29 August 1978, 8 September 1978, and 10 October 1978. Upon his release he obtained employment with the Greensboro Parks and Recreation Department.

DSS had no contact with respondent appellant from November 1978 through March 1979, and his whereabouts was unknown. A DSS social worker made unsuccessful efforts to locate him. Respondent appellant called DSS on 22 March 1979, 23 March 1979, 29 March 1979, 21 May 1979, 27 July 1979, and 31 August 1979, to indicate that he was living in Richmond County and to request visits with the children. On 31 August 1979 the social worker asked him to pay $20.00 every other week for support of the children commencing 14 September 1979. He was then working for the North Carolina Department of Transportation earning $7,308.00 annually. He never made any support payments. He was advised that he could pursue plans to get his children back through the Richmond County Department of Social Services. He last visited with the children in August 1979, even though he was not re-incarcerated until March 1980. Since his incarceration in March 1980, he had not communicated with the children.

These findings clearly suffice to support the conclusions which sustain the order of termination. Given the stipulation that they are supported by the evidence of witnesses for petitioner, the findings show the presence of clear, cogent, convincing, and competent evidence that respondent appellant willfully left his children in foster care for more than two years, failed to respond positively to efforts by DSS to strengthen the parent-child rela-

Circle J. Farm v. Fulcher

tionship and to make and follow through with constructive planning for the children's future, and failed to provide any support for the children while they were in the custody of DSS for a continuous period of six months next preceding the filing of the termination proceeding.

Respondent appellant's contention that his periods of incarceration preclude findings that he willfully left the children in foster care for more than two consecutive years, and failed to provide reasonable support for them, is unavailing. The findings establish his complete failure to make "substantial progress" toward correcting the conditions which led to removal of the children, and to provide reasonable support for them, during an extensive period when he was not incarcerated and was gainfully employed. They further established complete failure to attempt to relate to the children during his last period of incarceration. These findings suffice to support the conclusions which sustain the order.

Affirmed.

Judges WEBB and WELLS concur.