IN RE: GRAHAM, Two MINOR CHILDREN

No. 8219DC726

(Filed 5 July 1983)

**Parent and Child § 1— termination of parental rights—sufficiency of the evidence**
    Respondent's lack of involvement with his children for a period of more than two years established a pattern of abandonment and neglect which is encompassed by G.S. 7A-289.32(2) and G.S. 7A-517(21).

APPEAL by petitioner Cabarrus County Department of Social Services from *Grant, Judge.* Judgment entered 24 March 1982 in District Court, CABARRUS County. Heard in the Court of Appeals 12 May 1983.

On 2 October 1981 the Cabarrus County Department of Social Services filed a petition to terminate the parental rights of Danny Ray Graham as to his two minor children. At the hearing on this matter the parties stipulated that the issues to be determined by the court were whether the respondent Graham had neglected his children within the meaning of G.S. 7A-289.32(2), whether he had

failed to pay a reasonable portion of the costs of care of his children for six months preceding the filing of the petition within the meaning of G.S. 7A-289.32(4), and whether it was in the best interests of the children that the respondent's parental rights be terminated. The court concluded that although it was in the best interests of the minor children that respondent's parental rights be terminated, the circumstances authorizing such termination did not exist. From denial of its petition, petitioner appeals.

*Williams, Willeford, Boger, Grady & Davis, by Samuel F. Davis, Jr., for petitioner-appellant.*

*Johnson, Belo and Plummer, by Franklin R. Plummer, as Guardian Ad Litem for the minor children, Bradley Thomas Graham and Christy Autumn Graham.*

*Koontz & Hawkins, by Timothy M. Hawkins, for respondent-appellee.*

EAGLES, Judge.

Petitioner argues that the trial judge erred as a matter of law in not terminating the respondent's parental rights. Its argument is also adopted by the Guardian Ad Litem of the minor children. The only finding of fact excepted to in the order is actually a conclusion of law in which the trial judge states that grounds for termination of parental rights as set forth in G.S. 7A-289.32 do not exist. The remaining twenty-five findings of fact which detail the evidence presented at the hearing bear no exceptions. They are therefore deemed to be supported by competent evidence and are binding on appeal. *In re Wilkerson,* 57 N.C. App. 63, 291 S.E. 2d 182 (1982).

The findings of fact reveal the following:

Respondent Danny Ray Graham is the father and Myra Sue Honeycutt Graham is the mother of Bradley Thomas Graham, born 3 February 1977, and Christy Autumn Graham, born 10 May 1979. The Cabarrus County Department of Social Services first obtained custody of the children on 30 July 1979 when an immediate custody order was entered based upon a petition alleging neglect by the parents. On 1 August 1979 an Order was entered adjudging the children to be neglected children and, with the agreement of the respondent, temporary custody was placed with

petitioner. Following this hearing, respondent was told by the Department of Social Services that he would be responsible for the payment of support for the children. The respondent and his wife Myra Sue left the State of North Carolina. Respondent obtained work but was arrested for simple burglary on 16 October 1979 and was incarcerated in Louisiana. Petitioner wrote to respondent in jail on 19 November 1979 and received a return letter on 27 December 1979 in which respondent stated that he wanted his children when he was released from prison. On 27 December 1979 petitioner again wrote to respondent with information about his children. The mother returned to Cabarrus County and temporary custody of the children was given to her on 18 April 1980, with permanent custody being granted on 19 September 1980. On 20 March 1981 custody was again placed with petitioner pursuant to another immediate custody order. On 10 April 1981 temporary custody of the children was given to the petitioner. Following repeated attempts to contact the respondent, petitioner sent a certified letter to Mr. Graham on 27 March 1981 at his place of imprisonment in Louisiana which was acknowledged by return receipt by the prison officials although respondent denied receiving the correspondence. On 2 June 1981 Graham was released from prison. Mrs. Graham voluntarily released her children to the petitioner for adoption on 17 August 1981. In August respondent violated his parole in Louisiana by coming to the State of North Carolina where he resumed living with his wife and learned that she had given up the children for adoption. On 12 October 1981 respondent was arrested for trespassing and was subsequently transferred to the Cabarrus County jail for the probation violation of leaving the state. Graham telephoned the Cabarrus County Department of Social Services for information about his children on 21 October 1981.

Other pertinent facts found by the trial judge are:

14. That the respondent did not write or otherwise contact the petitioner after the letter received December 27, 1979, until after the petition in this proceeding had been filed; that the respondent had no knowledge that the children were placed with the mother from April 18, 1980, until March 20, 1981; that to the knowledge of the respondent, said children had been in foster care in the custody of the petitioner continuously from August 1, 1979; and that the respondent

had no contact with the children and did not attempt to obtain any information regarding the children.

. . . .

23. That except for the letter received by petitioner on December 27, 1979, the respondent has demonstrated no interest or concern for his children; that the respondent has not written to his children or tried to contact them; that he has not contacted the petitioner or tried to obtain any information from the petitioner about his children until October 21, 1981; that respondent feared that if he contacted the petitioner, he would be arrested and reimprisoned; and that it was not until after his arrest and reimprisonment that he decided to contact the petitioner.

24. That the respondent has in the past abused alcohol and is an admitted alcoholic; and that the respondent is a convicted felon and has not demonstrated social stability or socially acceptable behavior.

25. That both of the children are developmentally delayed; that the child Bradley Thomas Graham is mildly mentally retarded; that the children are in need of a home with parents who have above average parenting abilities; and that the children are in need of a home which is both permanent and stable.

Petitioner contends that the above evidence established as a matter of law the requisite grounds under G.S. 7A-289.32 to terminate respondent's parental rights. G.S. 7A-289.31(a) provides that:

Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the child unless the court shall further determine that the best interests of the child require that the parental rights of such parent not be terminated.

The parties stipulated that the issues before the trial judge were alleged violations of G.S. 7A-289.32(2) and (4). Inasmuch as the court did determine that the best interests of the children would

be served by termination of respondent's parental rights, the question to be resolved is whether the facts found do indeed show a violation of the applicable statutes. If either of the two grounds stated is supported by these findings of fact, termination of parental rights would be proper. *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982).

G.S. 7A-289.32(2) provides that a court may terminate parental rights if it finds that:

> The parent has abused or neglected the child. The child shall be deemed to be abused or neglected if the court finds the child to be . . . a neglected child within the meaning of G.S. 7A-278(4).

G.S. 7A-278(4), now G.S. 7A-517(21), defines a neglected juvenile as follows:

> A juvenile who does not receive proper care, supervision, or discipline from his parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare, or who has been placed for care or adoption in violation of law.

"Abandonment" as contemplated by G.S. 7A-517(21) has been characterized as:

> "any willful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . ."

> "Abandonment has also been defined as wilful neglect and refusal to perform the natural and legal obligations of parental care and support. It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child . . . ."

*In re Apa*, 59 N.C. App. 322, 324, 296 S.E. 2d 811, 813 (1982), *quoting In re Cardo*, 41 N.C. App. 503, 507-508, 255 S.E. 2d 440, 443 (1979).

We have no difficulty in concluding that respondent's lack of involvement with his children for a period of more than two years establishes the pattern of abandonment and neglect which is encompassed by G.S. 7A-289.32(2). One communication in a two year period does not evidence the "personal contact, love, and affection that inheres in the parental relationship." *Id.* The fact that the respondent was incarcerated for a good portion of this period does not provide any justification for his all but total failure to communicate with or even inquire about his children for whom he professes such concern at this late date. *See, In re Burney,* 57 N.C. App. 203, 291 S.E. 2d 177 (1982).

Since we find that the findings of fact would support the termination of respondent's parental rights under G.S. 7A-289.32(2), we need not reach the issue of whether termination would be proper under G.S. 7A-289.32(4). *See, In re Moore,* 306 N.C. 394, 293 S.E. 2d 127 (1982).

We conclude that the circumstances of this case would indeed justify termination of parental rights and would be in the best interests of the minor children. The order of the trial court is hereby

Reversed and remanded.

Judges WELLS and BECTON concur.