IN THE MATTER OF: CASSANDRA DENICE PIERCE

No. 8312DC410

(Filed 20 March 1984)

**1. Appeal and Error § 57.1— failure to except to findings of fact**

Where no exceptions are taken to the findings of fact, the only question present for appellate review is whether the findings support the conclusions of law, and it is not incumbent upon the appellate court to search the record in order to determine whether the findings are supported by competent evidence.

**2. Evidence § 48.1; Parent and Child § 1.6— proceeding to terminate parental rights—ability to provide stable home environment—testimony by social worker**

In a proceeding to terminate parental rights, the trial court did not err in permitting a social worker to give her opinion as to whether respondents were capable of providing a stable home environment for their child although the witness was not tendered as an expert witness.

**3. Parent and Child § 1.6— termination of parental rights—sufficiency of evidence**

The evidence was sufficient to support the court's order terminating respondents' parental rights in a five-year-old child on grounds that (1) the child was a neglected child within the meaning of G.S. 7A-517(21), (2) the child was left in foster care for more than two consecutive years without a showing by respondents that substantial progress has been made in correcting the conditions which led to the removal of the child, and (3) neither parent has paid a reasonable portion of the cost of the child's care in the six months preceding

the filing of action while the child was in the custody of the Department of Social Services, where the evidence tended to show: the child has been in foster care continuously since she was five months old, when she was placed in the custody of the county department of social services pursuant to an order of neglect; the child has been diagnosed as having fetal alcohol syndrome, which causes her to be moderately retarded and significantly delayed in all developmental aspects; special physical, mental and medical needs arising from the syndrome will persist throughout the child's lifetime; respondents have frequently moved between North Carolina and South Carolina and are often unemployed; respondents have had only erratic contact with their child, and the last time either parent had seen the child was more than a year prior to the hearing; respondent mother had a drinking problem at the time of the child's birth and has been convicted of possession of heroin, possession of marijuana, disturbing the peace and prostitution; respondent father was in prison at the time of the child's birth; and neither parent has contributed anything toward the child's support in the six months preceding the filing of the action.

APPEAL by respondents from *Guy, Judge.* Judgment entered 29 October 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 7 March 1984.

This is an action brought by petitioner Cumberland County Department of Social Services to terminate the parental rights of respondents Leo H. Pierce and Angel B. Pierce, parents of Cassandra Denice Pierce.

Cassandra was born November 23, 1978, and was subsequently diagnosed as having fetal alcohol syndrome ("FAS"), a permanent condition caused by the excessive consumption of alcohol by the mother during pregnancy. At the time Cassandra was born, respondent father was in prison. From her birth until she was five months old, Cassandra was in her mother's custody. This is the only period of her life she has been in the custody of either of the respondents.

In March 1979, Cassandra was placed in the custody of petitioner Department of Social Services pursuant to a judicial order of neglect. Cassandra has remained in foster care from that date until the present time. Petitioner filed its petition to terminate parental rights on 28 May 1982 and a hearing was held on 16 September and 30 September 1982, at which hearing the trial court entered its order terminating parental rights of respondents. From this order respondents appeal.

*Jennie Dorsett, for petitioner appellee.*

*Chandler, Cooke, Jackson & Glendening, P.A., by Dale D. Glendening, Jr., for respondent appellants.*

VAUGHN, Chief Judge.

[1] We note preliminarily that respondents failed to make proper objections to the trial court's findings of fact. Ordinarily, when counsel fails to except to findings of fact, they are deemed supported by competent evidence and are conclusive on appeal. *Ply-Marts, Inc. v. Phileman,* 40 N.C. App. 767, 768, 253 S.E. 2d 494, 495 (1979). Put otherwise, where no exceptions are taken to the findings of fact, the only question present for review is whether the findings support the conclusions of law, and it is not incumbent upon this Court to search the record in order to determine whether the findings of fact are supported by competent evidence. Because of the serious consequences of a proceeding to terminate parental rights, we will nonetheless consider whether the trial court's findings of fact are supported by competent evidence.

Respondents make a number of assignments of error relating to the admissibility of evidence, namely, that two home study reports, three letters of assessment of the respondents' home situation, and a voluntary support agreement were hearsay and therefore improperly admitted into evidence.

As to the 23 May 1980 voluntary support agreement signed by respondent father, respondent admitted in his testimony that he had entered into such an agreement with petitioner. Such testimony cures any defects associated with the wrongful admission of the agreement. The assignment of error relating to this support agreement is therefore overruled.

As to the other documents, the letters of assessment and home studies, we hold that there was sufficient "clear, cogent, and convincing evidence," *see* G.S. 7A-289.30(e), to support the judgment terminating parental rights exclusive of these documents, and that any error related to the admission of such documents into evidence was therefore not prejudicial to respondents. We do not pass on the merits of the parties' arguments, whether the documents were inadmissible hearsay, as respondents contend, or whether they fell within the scope of the business rec-

ords exception or official records exception to the hearsay rule, as contended by petitioner.

[2] Respondents additionally contend that one of petitioner's witnesses, a social worker who worked on Cassandra's case, was not properly qualified as an expert witness and therefore not qualified to give her opinion as to whether respondents were capable of providing a stable home environment for their child. A similar situation was presented in *In re Peirce*, 53 N.C. App. 373, 281 S.E. 2d 198 (1981). Allowing that "the better practice is for the party offering an expert witness formally to tender him or her as an expert witness," this Court, relying on *Dickens v. Everhart*, 284 N.C. 95, 199 S.E. 2d 440 (1973), concluded that

> where the witness's qualifications as an expert are shown, the intent to offer the witness as an expert is clear, and the ruling of the court on the admission of the witness's testimony is expressly stated, the appellate court will consider the validity of the trial court's ruling on the admissibility of expert testimony.

53 N.C. App. at 385, 281 S.E. 2d at 205. This governs the assignment of error concerned with the social worker's opinion testimony, and that assignment is overruled.

[3] We now turn to the central issue of this appeal: whether the judgment terminating parental rights is adequately supported by competent evidence. We hold that the judgment is so supported and therefore affirm.

Respondents appropriately group together their assignments of error relating to the trial court's refusal to grant their motion to dismiss at the close of all the evidence, motion for a judgment notwithstanding the verdict, and motion for a new trial. Each of these motions is essentially based on the proposition that the evidence was insufficient to support the judgment, i.e., that the statutory standard necessary to terminate parental rights was not satisfied. We shall therefore consider these assignments of error together.

Article 24B of Chapter 7A of the General Statutes, entitled Termination of Parental Rights, provides: "All findings of fact shall be based on clear, cogent, and convincing evidence." G.S.

7A-289.30(e). Respondents argue that if the trial judge had excluded the evidence respondents contend is inadmissible hearsay, the remaining evidence does not support findings upon which the trial judge could properly base a judgment for petitioner. We disagree.

G.S. 7A-289.32 sets out the statutory grounds for terminating parental rights. A finding of any one of the seven separately enumerated grounds is sufficient to support a termination. The trial court expressly based its judgment on three of the enumerated grounds, G.S. 7A-289.32(2), (3), and (4):

(2) The parent has . . . neglected the child . . . within the meaning of G.S. 7A-517(21), [which defines a neglected child as a "juvenile who does not receive proper care, supervision, or discipline from his (or her) parent . . . or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his (or her) welfare. . . .]

(3) The parent has willfully left the child in foster care for more than two consecutive years without showing to the satisfaction of the court that substantial progress has been made within two years in correcting those conditions which led to the removal of the child or without showing positive response within two years to the diligent efforts of a county Department of Social Services . . . to encourage the parent to strengthen the parental relationship to the child or to make and follow through with constructive planning for the future of the child.

(4) The child has been placed in the custody of a county department of social services . . . and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child.

Even without considering the evidence respondents contend is inadmissible hearsay, there remains adequate "clear, cogent, and convincing evidence" to support a termination of parental rights on any one of the three grounds.

At the hearing, the evidence showed that the child has been in foster care continuously since she was five months old, when

she was placed in the custody of petitioner Cumberland County Department of Social Services pursuant to an order of neglect. Dr. Rita Gunther, a pediatrician for the Cumberland County Health Department, testified that she had diagnosed fetal alcohol syndrome in Cassandra. Dr. Gunther testified that due to FAS, Cassandra is moderately retarded and significantly delayed in all developmental aspects, and that special physical, mental and medical needs arising from FAS would persist throughout Cassandra's lifetime. She further testified that Cassandra is a "failure to thrive" child, testifying to the delicate nutritional status and problematic nature of infection in such children. The doctor testified that respondents did not seem to grasp the realities in regard to their child and that they failed to understand the long-term problems associated with Cassandra.

One social worker gave testimony concerning the frequent movement of the respondents between North Carolina and South Carolina, and the consequently erratic contact respondents had with their daughter. This testimony was corroborated by the respondents themselves.

Martha Smith, an adoption social worker for petitioner and Cassandra's case manager, testified that the last time either parent had seen Cassandra was in August 1981, more than a year prior to the hearing. Ms. Smith also testified that in April 1982, respondent father had stopped by her office inquiring of his wife's whereabouts. His wife was to have stopped at the department the previous day. On that occasion, respondent father did not ask to see his daughter.

Respondent mother testified that she had a drinking problem at the time of Cassandra's birth, and she also described the efforts of both respondents to regain custody of their child during their numerous moves back and forth between North and South Carolina. Respondent testified that she had been convicted of heroin possession, possession of marijuana, disturbing the peace, and that she had received a suspended sentence for prostitution.

Respondent father testified that at the time of Cassandra's birth he was in prison for welfare fraud. He also testified to his precarious employment situation and to respondents' frequent moves. He stated that he had signed a voluntary support agreement to pay $25.00 a month for his child's support but that he had

never paid any money. There was evidence that neither parent had ever paid any money to Cumberland County for the support of Cassandra.

We now apply the evidence to the three statutory grounds on which termination of parental rights was based. As to G.S. 7A-289.32(2), the above evidence supports the finding that Cassandra was a neglected child within the meaning of G.S. 7A-517(21). This Court discussed neglect in *In re Apa*, 59 N.C. App. 322, 296 S.E. 2d 811 (1982):

> Neglect may be manifested in ways less tangible than failure to provide physical necessities. Therefore, on the question of neglect, the trial judge may consider, in addition, a parent's complete failure to provide the personal contact, love, and affection that inheres in the parental relationship.

*Id.* at 324, 296 S.E. 2d at 813. At bar, not only is there evidence that the parents have failed to provide their daughter with physical necessities, there is evidence of sporadic contact between parents and child. For example, one of petitioner's social workers testified that a motion for review was postponed because she did not have an address at which she could locate respondents.

The evidence also supports the termination of parental rights under G.S. 7A-289.32(3), that the child was left in foster care for more than two consecutive years without a concomitant showing on respondents' part of correcting the conditions which led to Cassandra's removal or responding to petitioner's efforts to plan for Cassandra's future. *See In re Smith*, 56 N.C. App. 142, 287 S.E. 2d 440, *cert. denied*, 306 N.C. 385, 294 S.E. 2d 212 (1982) [applying G.S. 7A-289.32(3)].

Grounds also exist to support the judgment under G.S. 7A-289.32(4). There is evidence that neither parent ever contributed the first dollar toward Cassandra's support in the six months preceding the filing of the action, while Cassandra was in petitioner's custody. Respondent father even testified that he had entered into a voluntary support agreement to pay the modest sum of $25.00 a month toward Cassandra's support yet failed to do so. *See In re Biggers*, 50 N.C. App. 332, 274 S.E. 2d 236 (1981) (discussing "reasonable portion" of the cost of child care). Competent evidence supporting any one of the seven grounds stated in

In re Pierce

G.S. 7A-289.32 would enable us to affirm the trial court's judgment; we find adequate evidence to support each of the three grounds on which the judgment was based.

Not only is the judgment amply supported by clear, cogent, and convincing evidence as to the three statutory grounds, the trial court was plainly guided by a consideration of Cassandra's best interests. One of the legislative policies governing termination of parental rights is that "[a]ction which is in the best interests of the child should be taken in all cases where the interests of the child and those of his or her parents . . . are in conflict." G.S. 7A-289.22(3). *See In re Smith, supra,* at 150, 287 S.E. 2d at 445 (1982) ("the [child's] best interests are paramount, not the rights of the parent"). As a victim of FAS, Cassandra will always carry the marks of her deprivation. She has medical and psychological problems that will need attention throughout her life. Her special needs require stability and continuity. Respondents' situation is characterized by instability, movement, unemployment, infrequent visitation, criminal history and inability to provide the basic resources for their child.

It is true that a court is never required to terminate parental rights, the statute only giving the court discretion to exercise its authority. *In re Godwin,* 31 N.C. App. 137, 139, 228 S.E. 2d 521, 522 (1976). At bar, there was competent evidence supporting the termination of parental rights under G.S. 7A-289.32(2), (3), and (4), and no evidence that the trial court abused its discretion. *See In re Peirce, supra,* at 389, 281 S.E. 2d at 208. The judgment appealed from is affirmed.

Affirmed.

Judges HILL and PHILLIPS concur.