In re: E.F.C.K.
No. COA05-440
North Carolina Court of Appeals
Filed January 3, 2006
This case not for publication
Forsyth County No. 03 J 271.
Theresa A. Boucher, Assistant County Attorney, for petitioner-appellee Forsyth County Department of Social Services.
M. Victoria Jayne, for respondent-appellant.
Womble Carlyle Sandridge & Rice, PLLC, by Alison R. Bost, for Guardian ad Litem.
WYNN, Judge.
A trial court may terminate parental rights upon a finding that a minor child "has been placed in the custody of a county department of social services" and "the parent, for a continuous period of six months . . ., has willfully failed . . . to pay a reasonable portion of the cost of care for the juvenile . . .." N.C. Gen. Stat. § 7B-1111(a)(3) (2004). In this case, Respondent argues that there was insufficient evidence for the trial court to conclude grounds existed to terminate his parental rights because he lacked the ability to pay child support. As there were findings of fact (not contested on appeal) that Respondent had the ability to pay child support, paid less than half of his obligation, and maintained a cellular telephone while not paying his child support obligation, the trial court did not err in concluding that Respondent willfully failed to pay child support.
E.F.C.K., born in 2001, was placed in the custody of the Forsyth County Department of Social Services (DSS) based upon allegations of dependancy; and in November 2001, the minor child was adjudicated to be a dependant juvenile. The minor child has remained continuously in the custody of DSS and been placed in foster care for the minor child's entire life. The mother's parental rights were terminated on 1 December 2003.
On 19 February 2003, Dr. Ellen Nicola performed a court ordered psychological evaluation of Respondent who though neither married to the mother nor judicially determined to be the child's father, claims parental rights as the father of the child. Dr. Nicola recommended that Respondent and the mother undergo couples counseling, which they failed to do. Respondent failed to complete a court ordered parenting capacity evaluation, but he did complete the court ordered parenting classes at SCAN. Both Respondent and the mother admitted multiple incidences of domestic violence. Respondent completed a domestic violence assessment, but did not complete the Time Out domestic violence program as recommended. From 15 September 2001 to 15 March 2004, Respondent visited with the minor child forty-nine times. Respondent did not come to a number of visits and gave no explanation for his absence, and was unable to attend a number of visits due to being incarcerated. Respondent last visited with the minor child on 8 August 2003. When Respondent did visit with the minor child, he engaged appropriately with the minor child. But Respondent has sent no cards or gifts nor has he requested visits for the minor child's birthdays or Christmases.
The trial court found that Respondent was capable of paying fifty-dollars per month in child support and Respondent was ordered to pay that amount. Between 18 February 2003 and 18 August 2003, Respondent paid only $136.96 of the $300.00 required. Respondent earned $1129.48 between July and September 2003. Additionally, Respondent told the trial court that he had a cellular telephone that he paid thirty-five-dollars per month to maintain service.
On 18 August 2003, DSS filed a petition to terminate parental rights of Respondent with regard to the minor child on the grounds that (1) Respondent willfully left the minor child in foster care for more than twelve months without showing that reasonable progress under the circumstances has been made within twelve months correcting those conditions which led to the removal of the child; (2) for a continuous period of six months preceding filing the petition Respondent willfully failed to pay a reasonable portion of the cost of care for the child although physically and financially able to do so; and (3) the minor child was born out of wedlock and Respondent has not established paternity.
Following a hearing, the trial court concluded that grounds existed pursuant to section 7B-1111(a)(2) and (3) of the North Carolina General Statutes to terminate the parental rights of Respondent to the minor child as (1) Respondent willfully left the minor child in foster care for more than twelve months without showing that reasonable progress under the circumstances has been made within twelve months correcting those conditions which led to the removal of the child pursuant to section 7B-1111(a)(2); and (2) for a continuous period of six months preceding filing the petition Respondent willfully failed to pay a reasonable portion of the cost of care for the child although physically and financially able to do so section 7B-1111(a)(3). By order filed 13 October 2004, the trial court terminated the parental rights of Respondent to the minor child. Respondent appealed.
On appeal, Respondent argues that there was insufficient evidence to support the trial court's conclusions of law that grounds for terminating parental rights existed because (1) Respondent failed to pay reasonable child support pursuant to section 7B-1111(a)(3) of the North Carolina General Statutes, and (2) Respondent failed to make reasonable progress pursuant to section 7B-1111(a)(2) of the North Carolina General Statutes. We disagree.
There are two stages involving a petition to terminate parental rights: adjudication and disposition. At the adjudication stage, the petitioner has the burden of proving by clear, cogent, and convincing evidence that at least one statutory ground for termination exists. In re McMillon, 143 N.C. App. 402, 408, 546 S.E.2d 169, 173-74, disc. review denied, 354 N.C. 218, 554 S.E.2d 341 (2001); see N.C. Gen. Stat. § 7B-1109(f) (2004) (requiring findings of fact to be based on clear, cogent, and convincing evidence). A finding of one statutory ground is sufficient to support the termination of parental rights. In re Pierce, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984).
"Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Since Respondent has not assigned error to any of the trial court's findings of fact, the findings of fact are binding on appeal. Id. Therefore, we will review whether the trial court's findings of fact support the conclusions of law. McMillon, 143 N.C. App. at 408, 546 S.E.2d at 174.
The trial court concluded there were grounds to terminate parental rights under section 7B-1111(a)(3) of the North Carolina General Statutes which provides that a trial court may terminate the parental rights upon the findings that:
The juvenile has been placed in the custody of a county department of social services, a licensed child-placing agency, a child-caring institution, or a foster home, and the parent, for a continuous period of six months next preceding the filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.
N.C. Gen. Stat. § 7B-1111(a)(3). The trial court made the following pertinent findings of fact regarding Respondent's failure to pay child support which are binding on this Court on appeal: 14. [Respondent] has failed to pay the nominal child support on a regular basis ordered by the Court for the care and maintenance of [the minor child].
15. [Respondent] is capable of providing substantial support for [the minor child] and has been ordered to pay $50.00 per month. During the six months preceding the filing of the petition to terminate parental rights, [Respondent] paid only $136.96 in support for said child. The costs of care for said child during that period were approximately $2400.00 plus Medicaid.
16. Ms. Patricia Dillon, IVD child support agent testified that [Respondent] was currently $1081.22 in arrears for his child support obligation for [the minor child]. His last payment was on May 5, 2003 in the amount of $43.48, which was received through wage withholding.
17. During the period from February 18, 2003 to August 18, 2003, the six month period of time immediately preceding the filing of the termination of parental rights petition, [Respondent] made the following payments:
a. $43.48 on April 3, 2003 (through wage withholding)
b. $50.00 on April 28, 2003 (through wage withholding)
c. $43.48 on May 5, 2003 (through wage withholding)
18. [Respondent]'s earnings as reported to the employment security commission during the months of July-September 2003 were $1129.48.
***
33. [Respondent] told the Court that he had a "Cricket" cellular telephone with the telephone number of 995-[XXXX]. He indicated that he had been paying $35.00 per month to maintain that telephone service. He stated that he was paying for the telephone and service while he was not paying his child support obligation. [Respondent] never notified the Forsyth County DSS of his cellular phone number and never provided DSS with any alternative method to contact him in the event there was an emergency involving [the minor child].
As Respondent did not assign error to any of these findings of fact, they are binding on appeal. Koufman, 330 N.C. at 97, 408 S.E.2d at 731.
Respondent argues that there was insufficient evidence that he had the ability to pay the child support due to his small income and incarceration. "'[A] finding that a parent has ability to pay support is essential to termination for nonsupport' pursuant to N.C. Gen. Stat. § 7B-1111(a)(3)." In re T.D.P., 164 N.C. App. 287, 289, 595 S.E.2d 735, 737 (2004), aff'd per curiam, 359 N.C. 405, 610 S.E.2d 199 (2005) (quoting In re Ballard, 311 N.C. 708, 716-17, 319 S.E.2d 227, 233 (1984)). "[I]n determining what constitutes a `reasonable portion' of the cost of care for a child, the parent's ability to pay is the controlling characteristic[,] [and] [a] parent is required to pay that portion of the cost of foster care . . . that is fair, just and equitable based upon the parent's ability or means to pay." Id. at 290, 595 S.E.2d at 737 (citation omitted).
Here, the trial court made a finding of fact that Respondent had the ability to pay and that fifty dollars per month was a reasonable portion of the minor child's care. The trial court also found that during the six months preceding the petition to terminate parental rights Respondent paid less than half his child support obligation, that he had the ability to pay. And Respondent maintained a cellular telephone making payments for the phone while not meeting his child support obligation. These findings of fact, which are binding on this Court, support the trial court's conclusion of law that Respondent, "for a continuous period of 6 months next preceding the filing of the petition to terminate parental rights, has willfully failed for such period to pay reasonable portion of the cost of care for the child although physically and financially able to do so pursuant to N.C.G.S. 7B-1111(a)(3)." See, e.g., In re Montgomery, 311 N.C. 101, 114, 316 S.E.2d 246, 254 (1984) (court found that father failed to pay a reasonable portion of the costs of the care of his children and he had the ability to pay when he had enough money to venture sixty-dollars per week into a hog operation at a time when he knew of the thirty-dollar per week obligation).
As we have found that there was sufficient evidence to support the trial court's conclusion that a statutory ground existed to terminate Respondent's parental rights, we need not examine the remaining conclusion of law as only a finding of one ground is needed to terminate parental rights. In re Pierce, 67 N.C. App. at 261, 312 S.E.2d at 903.
Affirmed.
Judges STEELMAN and SMITH concur.
Report per Rule 30(e).