An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1452
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

IN THE MATTER OF:

W.L.S.                                    Chatham County
                                          No. 12-JT-35

Appeal by respondent-mother from order entered 1 October 2013 by Judge Beverly Scarlett in Chatham County District Court. Heard in the Court of Appeals 28 April 2014.

> *Holcomb & Cabe, L.L.P., by Carol J. Holcomb and Samantha H. Cabe, for petitioner-appellee Chatham County Department of Social Services.*

> *Everett Gaskins Hancock LLP, by James M. Hash, for Guardian ad Litem.*

> *Windy H. Rose for respondent-appellant mother.*

McCULLOUGH, Judge.

Respondent-mother ("respondent") appeals from an order terminating her parental rights to her son W.L.S. ("Will")[1].

---

[1]The pseudonym "Will" is used throughout this opinion to protect the identity of the child and for ease of reading.

Respondent challenges the grounds for termination found by the trial court. We affirm.

## I. Background

On 12 July 2012, the Chatham County Department of Social Services ("DSS") filed a petition alleging that Will was a neglected and dependent juvenile. DSS alleged that Will and respondent tested positive for cocaine after his birth. DSS obtained nonsecure custody that day.

In an order filed 21 September 2012, the trial court adjudicated Will dependent and continued custody of Will with DSS. DSS filed a motion to terminate respondent's parental rights on 8 March 2013. The trial court conducted a hearing upon the motion on 11 July 2013. By order filed 1 October 2013, the court terminated respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect) (2013); N.C. Gen. Stat. § 7B-1111(a)(6) (2013) (incapability of providing for the proper care and supervision of child); and N.C. Gen. Stat. § 7B-1111(a)(9) (2013) (parental rights to another child have been involuntarily terminated and the parent lacks the ability or willingness to establish a safe home). Respondent appeals.

## II. Discussion

When we review a termination of parental rights case, we consider whether the findings of fact are "supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law. We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child." *In re Shepard*, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (citation and internal quotation marks omitted), *disc. review denied sub nom.* *In re D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004). Unchallenged findings of fact are binding on appeal. *See In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) ("Findings of fact to which a respondent did not object are conclusive on appeal.").

Preliminarily we note that although the trial court concluded grounds existed pursuant to sections 7B-1111(a)(1), (6), and (9) of the North Carolina General Statutes to terminate respondent's parental rights, we find it dispositive that the evidence is sufficient to support termination of respondent's rights under section 7B-1111(a)(9). *See In re Pierce*, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984) (a finding of one statutory ground is sufficient to support the termination of parental rights).

N.C. Gen. Stat. § 7B-1111(a)(9) provides that a trial court may terminate parental rights upon finding that "[t]he parental rights of the parent with respect to another child of the parent have been terminated involuntarily by a court of competent jurisdiction and the parent lacks the ability or willingness to establish a safe home." N.C. Gen. Stat. § 7B-1111(a)(9). Termination under N.C. Gen. Stat. § 7B-1111(a)(9) "necessitates findings regarding two separate elements: (1) involuntary termination of parental rights as to another child, and (2) inability or unwillingness to establish a safe home." *In re L.A.B.*, 178 N.C. App. 295, 299, 631 S.E.2d 61, 64 (2006). A safe home is "[a] home in which the juvenile is not at substantial risk of physical or emotional abuse or neglect." N.C. Gen. Stat. § 7B-101(19) (2013).

Respondent does not dispute that she had her parental rights involuntarily terminated with respect to another child by a court of competent jurisdiction. Rather, respondent challenges the court's conclusion that she was unable to provide a safe home. Respondent argues that she "has the ability to provide appropriate care" because she took "the necessary steps to address her history of substance abuse and mental health issues."

The trial court made the following unchallenged findings of fact relevant to respondent's ability or willingness to establish a safe home:

19. Respondent mother completed a diagnostic assessment with Carolina Behavioral Health (CBH) on August 1, 2012. Among the findings of the assessment were that Respondent mother appeared neat and clean and age appropriate in appearance; Respondent mother was hyper at times during the interview process; Respondent mother exhibited anti-social behavior; Respondent mother is a chronic liar; Respondent mother has impaired judgment and impaired memory; Respondent mother lacks impulse control; Respondent mother has a substance addiction; and Respondent mother has a sleep disorder.

20. The August, 2012 CBH assessment recommends individual substance abuse therapy, among other things.

21. During the pendency of this case, Respondent mother has undergone multiple drug screens. The results of her drug screens as known by the Social Worker are:

a. August 17, 2012. No show for requested drug screen
b. August 20, 2012. Positive for cocaine (over 3,000 ng)
c. August 27, 2012. Positive for cocaine (15,929 ng)
d. September 26, 2012. No response to request from Social Worker
e. September 28, 2012. No show for visitation, so no request made
f. October 2, 2012. No show for

requested drug screen
g. October 3, 2012. No show for requested drug screen
h. November 15, 2012. Positive for cocaine (1,425 ng)
i. November 19, 2012. Admitted to ADATC. Positive for cocaine (over 100,000 ngs) and amphetamines (2,000 ngs)[.]
j. January 11, 2013. Negative
k. January 23, 2013. Hair follicle positive for cocaine (38.6)
l. March 15, 2013. Negative
m. May 9, 2013. Negative hair follicle

22. Respondent mother currently resides at a half-way house in Wilmington, NC. According to the half-way house manager, for about eight (8) months Respondent has tested negative for substances. Respondent mother is just beginning to address her long-standing substance abuse/addiction.

23. Since January, 2013, Respondent mother has had four (4) mental health appointments at Coastal Horizons. This is not sufficient evidence that Respondent mother has addressed her severe mental illness.

24. Respondent mother does not have a home or employment such that she can provide for [Will].

25. Respondent mother has a long-standing history of drug addiction and untreated mental illness.

26. Respondent mother intends to remain in the half-way house for up to a year or more. She can stay there as long as she wants or needs to.

27. Respondent mother offered copies of sign

out sheets where she signed out at the half-way house in order to attend AA/NA meetings. It appears that she does attend daily meetings.

We hold that the findings regarding respondent's lack of mental health treatment, her intention to remain at the half-way house, and her lack of employment, support the trial court's conclusion that respondent lacked the ability to establish a home where Will is not at substantial risk of physical or emotional abuse or neglect. Thus, the trial court did not err in concluding that grounds exist to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(9). Accordingly, we affirm the trial court's order terminating respondent's parental rights.

Affirmed.

Judges HUNTER, Robert C., and GEER concur.

Report per Rule 30(e).