An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-443

Filed 4 March 2026

Davidson County, Nos. 23JT000050-280, 23JT000051-280, 23JT000052-280

IN THE MATTER OF: I.C.P., P.L.P., J.C.B.P.

Appeal by Respondent-Mother from Orders entered 4 December 2024 by Judge Jon W. Myers in Davidson County District Court. Heard in the Court of Appeals 12 January 2026.

*Danielle De Angelis for Petitioner-Appellee Davidson County Department of Social Services.*

*The Law Office of Lisa Noda, PLLC, by Lisa Noda for Respondent-Appellant mother.*

*Nelson Mullins Riley & Scarborough, LLP, by Chelsea K. Barnes, for Guardian ad litem.*

PER CURIAM.

## **Factual and Procedural Background**

Respondent-Mother appeals from Orders terminating her parental rights to

Indy, Parker, and James.[1] The Record on Appeal tends to reflect the following:

On 3 October 2023, pursuant to petitions filed by Davidson County Department of Social Services (DSS), Indy, Parker, and James were adjudicated as neglected and dependent. In the Adjudication and Disposition Order the trial court found Indy and Parker had not attended school since 25 January 2023 and Indy had been tasked with caring for Parker and James. The trial court further found as facts supporting the adjudication that James suffered from untreated dental problems; Respondent-Mother was in jail at the time of the adjudication; and the children had stayed with Respondent-Mother's boyfriend, who had pending drug charges. Respondent-Mother entered into a prescribed case plan with DSS on 26 April 2023.

The trial court held permanency planning hearings on 15 November 2023 and 15 May 2024. Following the first hearing, the trial court ordered a primary plan of adoption and a secondary plan of reunification. Following the second hearing, the trial court determined Respondent-Mother was not making adequate progress within a reasonable period of time. The trial court further found that Respondent-Mother had not shown consistent progress since the previous court date, each of the children's therapists recommended no contact with Respondent-Mother, and each child's needs were being met by their respective foster parents. Accordingly, the trial court ordered reunification efforts between the children and Respondent-Mother be ceased.

---

[1] Pseudonyms stipulated to by the parties pursuant to Rule 42(b) of the North Carolina Rules of Appellate Procedure.

On 6 March 2024, DSS filed Petitions to terminate Respondent-Mother's parental rights to Indy, Parker, and James. DSS alleged Respondent-Mother had not corrected the conditions which led to the children's removal, had not consistently engaged in the agreed-upon case plan, and was not participating in any treatment for mental health or substance abuse.

The trial court heard the Petitions on 14 November 2024. On 4 December 2024, the trial court entered Orders terminating Respondent-Mother's parental rights to each child. It found four grounds for termination under N.C. Gen. Stat. § 7B-1111(a): (1) neglect; (2) willful failure to pay portion of care; (3) incapability to provide care and supervision; and (4) willful abandonment. The trial court further found, pursuant to N.C. Gen. Stat. § 7B-1110(a), that terminating Respondent-Mother's parental rights was in the best interests of the children.

Respondent-Mother timely filed Notice of Appeal on 17 January 2025. Pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, Respondent-Mother's counsel filed a no-merit brief with this Court.

## Issues

The issues on appeal are whether the trial court: (I) erred in finding grounds to terminate Respondent-Mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1), (3), (6), and (7); and (II) abused its discretion in determining that termination of Respondent-Mother's parental rights was in the best interests of the children.

## Analysis

Counsel filing a Rule 3.1(e) no-merit brief must "identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(e) (2025). In compliance with Rule 3.1(e), Counsel for Respondent-Mother provided Respondent-Mother a copy of the filed no-merit brief, the transcript, and the Record on appeal. Also in accordance with Rule 3.1(e), Counsel informed Respondent-Mother in writing of her right to file a pro se brief and that the pro se brief must be filed within thirty days after the filing date of counsel's no-merit brief. Respondent-Mother did not submit a pro se brief.

When a no-merit brief is brought pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, this Court conducts an independent review of the issues identified in the brief. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E. 2d 341, 345 (2019). Respondent-Mother's counsel identifies two issues which might arguably support appeal but lack merit or would not alter the ultimate result: (1) that the trial court erred in finding grounds to terminate Respondent-Mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1), (3), (6), and (7); and (2) that it was in Indy, Parker, and James' best interests to terminate Respondent-Mother's parental rights.

I.    *Grounds for Termination*

> At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one

- 4 -

> ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear, cogent, and convincing evidence was presented to support the findings of fact, and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000).

*In re O.J.R.*, 239 N.C. App. 329, 332, 769 S.E2d 631, 634 (2015).

Here, the trial court concluded grounds existed to terminate Respondent-Mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1), (3), (6), and (7). Under N.C. Gen. Stat. § 7B-1111(a)(1), a trial court may terminate parental rights if it finds the parent has neglected their child such that the child is deemed a neglected juvenile within the meaning of N.C. Gen. Stat. § 7B-101(15). A neglected juvenile is, in pertinent part, any juvenile less than 18 years of age "whose parent, guardian, custodian, or caretaker does not provide proper care, supervision, or discipline; . . . has not provided or arranged for the provision of necessary medical or remedial care; . . . or creates or allows to be created a living environment that is injurious to the juvenile's welfare." N.C. Gen. Stat. § 7B-101(15) (2025).

The trial court found Respondent-Mother had not provided or arranged for the provision of necessary medical or remedial care, leading to James suffering from untreated dental problems. Additionally, the trial court found Respondent-Mother generally did not provide proper care, supervision, or discipline. The trial court supported this finding with evidence the children had not attended school in seven

months and that Respondent-Mother had previously been charged with school attendance law violations. The trial court further found that, when asked by a DSS Social Worker, Respondent-Mother could not provide the locations of the children.

Thus, clear, cogent, and convincing evidence supports the trial court's findings of fact support its conclusion of law the juveniles were neglected under N.C. Gen. Stat. § 7B-1111(a)(1). Therefore, the trial court did not err in adjudicating neglect as a ground for termination of parental rights.

The existence of any enumerated ground under N.C. Gen. Stat. § 7B-1111 is sufficient to support an order terminating parental rights. *In re Pierce*, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984). As such, we need not reach the other grounds addressed by the trial court. Consequently, we affirm the trial court's adjudication of grounds to terminate Respondent-Mother's parental rights.

II.     *Best Interest of the Children*

We review the trial court's determination that terminating Respondent-Mother's parental rights is in the best interest of the children for abuse of discretion. *In re Z.A.M.*, 374 N.C. 88, 99, 839 S.E.2d 792, 800 (2020). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

N.C. Gen. Stat. § 7B-1110(a) states:

> In each case, the court shall consider the following criteria

> and make written findings regarding the following that are relevant: (1) the age of the juvenile; (2) the likelihood of adoption of the juvenile; (3) whether termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile; (4) the bond between the juvenile and the parent; (5) the quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement; and (6) any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2025).

Here, the trial court found[2] Indy, Parker, and James were fourteen, eleven, and five, respectively, and that the primary permanent plan of care for all children was termination of parental rights and adoption. Additionally, the trial court found termination of Respondent-Mother's parental rights would aid in the primary permanent plan of care, because it would free the children for adoption. The trial court further found Indy and Parker lacked a bond with Respondent-Mother and that James had no memory of Respondent-Mother.

Thus, the trial court entered numerous well-supported, written findings addressing the statutorily required factors under N.C. Gen. Stat. § 7B-1110(a). Therefore, the trial court's dispositional findings support its determination termination of parental rights was in the best interests of the juveniles. Consequently, the trial court did not abuse its discretion in determining that termination of Respondent-Mother's parental rights was in the best interests of Indy,

---

[2] Page 5 of the Order regarding Parker appears to be placed in the Record between pages 1 and 2 of the Order regarding Indy.

Parker, and James.

Upon thorough review of the Record, we agree there is no merit to either of Respondent-Mother's proposed potential issues because (1) the findings of fact made by the trial court are supported by clear, cogent, and convincing evidence and those findings support the conclusions of law; and (2) the trial court did not abuse its discretion in finding that terminating Respondent-Mother's parental rights was in the children's best interests.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Orders terminating Respondent-Mother's parental rights to Indy, Parker, and James.

AFFIRMED.

Panel consisting of Judges ARROWOOD, COLLINS, and HAMPSON.

Report per Rule 30(e).