IN RE: APA, A MINOR CHILD

No. 8122DC1359

(Filed 2 November 1982)

**Parent and Child § 1— termination of father's parental rights—finding of neglect and abandonment supported by evidence**

Where the record revealed that respondent lived apart from petitioner and far from his child since the child's birth; that although he suggested negotiation of a visitation and child support plan, he dropped the matter after petitioner agreed to negotiate; that his sole contribution to the child's support in the eleven years preceding the lawsuit was a bicycle he sent when the child was six years old, respondent's willful failure to support his child or to visit him during this period was sufficient to support the judge's finding of neglect. There was clear and convincing evidence that respondent willfully failed to provide his child with care and support and that he abandoned the child as contemplated by G.S. 7A-517(21). The judge's finding substantially tracked the statutory language of G.S. 7A-517(21) which defines a "neglected juvenile."

Judge HEDRICK concurs in the result.

Judge WEBB dissenting.

APPEAL by respondent from *Cathey, Judge.* Judgment entered 10 August 1981 in Juvenile Court, DAVIDSON County. Heard in the Court of Appeals 23 September 1982.

The respondent father appeals from an order terminating his parental rights in his minor son under the provisions of G.S. 7A-289.31 and G.S. 7A-289.32(2).

*Brinkley, Walser, McGirt, Miller & Smith, by Gaither S. Walser and Stephen W. Coles, for respondent-appellant.*

*Stoner, Bowers & Gray, by Carl W. Gray, for petitioner-appellee.*

HILL, Judge.

In the mother-petitioner's action to terminate the parental rights of John Thomas Apa, father of Marcus Alexander Apa, the trial judge found that respondent had neglected and abandoned his child, and entered judgment for petitioner.

Respondent presses three contentions: (1) no grounds exist for terminating respondent's parental rights because the evidence is insufficient to support the trial judge's finding of neglect;

(2) the findings of fact fail to support the conclusion that respondent neglected his child; (3) the evidence is insufficient to support the finding that respondent neglected and abandoned his child. Affirming, we hold that all the findings and conclusions are supported by clear and convincing evidence. Because the respondent's contentions overlap, we address them in the context of an appraisal of the judge's finding and conclusion of neglect.

Respondent excepts to the trial judge's finding that the respondent has "neglected and abandoned Marcus Alexander Apa in that he has failed to provide proper and necessary care, support and supervision for Marcus Alexander Apa . . . ." The record reveals that respondent has lived apart from petitioner and far from North Carolina since before his child's birth. Although he suggested negotiation of a visitation and child support plan, he dropped the matter after petitioner agreed to negotiate. Apparently, his sole contribution to the child's support in the eleven years preceding this lawsuit is a bicycle he sent when the child was six years old. Petitioner's endeavor to negotiate terms of visitation and support was, in effect, a demand for child support. We find that respondent's willful failure to support his child or to visit him during this period, nothing else appearing, is sufficient evidence to support the judge's finding of neglect.

Respondent further argues that the court erred in concluding that he neglected his child within the meaning of G.S. 7A-289.32(2), which states that the court may terminate parental rights upon a finding that:

> [t]he parent has abused or neglected the child. The child shall be deemed to be . . . a neglected child within the meaning of G.S. 7A-278(4).

G.S. 7A-278(4) was repealed in 1979 and replaced by G.S. 7A-517(21) of the recodified North Carolina Juvenile Code which defines a "neglected juvenile" as:

> [a] juvenile who does not receive proper care, supervision, or discipline from his parent . . . or who has been abandoned . . . .

*See In re Smith*, 56 N.C. App. 142, 287 S.E. 2d 440 (1982). The judge's finding substantially tracks the statutory language.

Here, the trial judge found that "John Thomas Apa has willfully failed to provide any financial support or assistance whatsoever for Marcus Alexander Apa, although he had the capability of doing so." The judge further found that, except for an abandoned attempt to negotiate visitation and support, respondent "made no other significant attempts to establish a relationship with Marcus Alexander Apa or obtain rights of visitation with Marcus Alexander Apa." Respondent failed to except to these findings of fact. They are, therefore, deemed to be supported by competent evidence and are conclusive on appeal. *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590 (1962); *In re Smith, supra.*

We find clear and convincing evidence that respondent willfully failed to provide his child with care and support and, furthermore, that he abandoned the child as contemplated by G.S. 7A-517(21).

> "abandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . .

> "Abandonment has also been defined as wilful neglect and refusal to perform the natural and legal obligations of parental care and support. *It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child . . . ."*

*In re Cardo*, 41 N.C. App. 503, 507-08, 255 S.E. 2d 440, 443 (1979) (emphasis ours); *In re Smith*, 56 N.C. App. at 149, 287 S.E. 2d at 444.

Neglect may be manifested in ways less tangible than failure to provide physical necessities. Therefore, on the question of neglect, the trial judge may consider, in addition, a parent's complete failure to provide the personal contact, love, and affection that inheres in the parental relationship.

We note that terminating the father's parental rights in this case does not dissolve the family unit. It does not in any significant way disrupt the status quo. In fact, termination may

facilitate the growth of love and stability in the child's new family.

We hold the findings of fact are supported by clear, cogent, convincing and competent evidence. They are, therefore, conclusive upon appeal. *In re Smith, supra; Whitaker v. Everhardt,* 289 N.C. 260, 221 S.E. 2d 316 (1976). The findings support the conclusions of law and the judgment entered.

The judgment of the trial court is

Affirmed.

Judge HEDRICK concurs in result.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. The evidence shows the respondent and the petitioner were married but living apart at the time the child was born. They were later divorced and the petitioner was awarded custody of the child. The respondent was not ordered by the divorce decree or any other decree to provide support for the child. The respondent has always lived great distances from the child. On several occasions, the respondent has tried to make contact with the child, but such attempts have been unsuccessful. The respondent has never supported the child but on one occasion sent him a bicycle. The court made findings of fact based on this evidence.

I do not believe the evidence or findings of fact support a conclusion that the respondent has neglected the child so that his parental rights may be terminated. I vote to reverse.