IN THE MATTER OF: TOD WAYNE CLARK, D/O/B 09-25-80

No. 8425DC245

(Filed 28 December 1984)

1. **Parent and Child § 1.6— termination of parental rights—judicial review**

   Termination of parental rights may be upheld if the trial court properly has found one of the grounds enumerated in the statute. G.S. 7A-289.32.

2. **Parent and Child § 1.5— termination of parental rights—neglected child—citation of incorrect statute**

   In terminating respondent's parental rights for neglect of the child, respondent was not prejudiced by the trial court's reference to former G.S. 7A-278(4) rather than to G.S. 7A-517(21) since the definitions of neglected child in the two statutes are nearly identical.

In re Clark

3. **Parent and Child § 1.6— termination of parental rights—standard of judicial review**

The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law.

4. **Parent and Child § 1.6— termination of parental rights—neglect of child—sufficiency of evidence**

The evidence supported the termination of respondent father's parental rights for neglect of the child where it tended to show that when the child was six weeks old, respondent, while drunk, directed a third person to shoot the mother while she held the child in her arms; respondent is an alcoholic with five DUI convictions; respondent has assaulted the mother; and respondent has contributed nothing to the child's support from February 1982 until the termination petition was filed in January 1983. G.S. 7A-289.32(2).

5. **Parent and Child § 1.6— termination of parental rights—finding as to absence of evidence—no shift of burden of proof**

The trial court's finding in an order terminating parental rights that respondent did not present evidence contradicting the allegations set forth in the petition did not in effect place the burden on respondent to produce evidence of the absence of any basis for terminating his parental rights.

6. **Parent and Child § 1.6— termination of parental rights—evidence not excludable on ground of remoteness**

In a proceeding to terminate parental rights of a child who was thirty-four months old at the time of the hearing, evidence that respondent, while drunk, had directed a third person to shoot the mother while she held the child in her arms when the child was six weeks old was not required to be excluded on the ground of remoteness.

APPEAL by respondent from *Crotty, Judge.* Judgment entered 25 July 1983 in District Court, BURKE County. Heard in the Court of Appeals 23 October 1984.

This appeal arises from a petition filed on 6 January 1983 by the Burke County Department of Social Services pursuant to G.S. 7A-289.32(2) and (4) to terminate the parental rights of Larry Wayne Clark, the appellant, and Patricia Whisnant Clark, parents of the minor child Tod Wayne Clark. (The petition was apparently one of three filed simultaneously against Ms. Clark to terminate her parental rights as to her three children. Larry Clark is the father of Tod, but not of the other two children.) Ms. Clark did not answer, but Mr. Clark filed an answer essentially denying the allegations contained in the petition.

The evidence presented at the 11 April 1983 hearing and subsequent sessions which became necessary tended to show that: Tod Wayne Clark was born on 25 September 1980 to respondent parents, who subsequently married. Respondents have not lived together since April 1982.

On or about 6 November 1980, while Tod was being held in his mother's arms, she was shot and wounded by Richard Barrier. Both appellant and Barrier were in Patricia Clark's trailer at the time. Larry Clark told Barrier to shoot Ms. Clark while she held Tod. After this incident Tod was placed in the custody of the Burke County Department of Social Services (hereinafter "DSS"), and was adjudicated a neglected child on 24 November 1980. Although there is some conflict in the testimony, it appears that Tod was removed from the custody of his parents on three separate occasions, the last time being in February 1982. Since then Tod has been in the custody of the DSS.

The evidence also tended to show that both parents were alcoholics, although more than one witness testified that appellant downplayed or denied his alcohol problem. Appellant has five convictions for driving under the influence. He was incarcerated for the last of these convictions in late 1982. Appellant has been intermittently employed in the shrubbery business for many years. He testified that when he is working full time he is capable of earning up to $200 per week.

From the final time the DSS removed Tod in February 1982 until it filed the petition to terminate parental rights, appellant contributed no money towards Tod's support although appellant was directed by court order of March 1982 to pay $30 per week for his child's support. After the petition was filed, he did pay the arrearage of $485 for Tod's support to the DSS. He stated he had borrowed the money from his mother. Both parents signed agreements with the DSS. In appellant's agreement, signed on 22 September 1982, he agreed to maintain employment, to maintain a savings account, or alternatively, to look for less seasonal work. He also agreed not to drink. There was evidence that appellant visited his son whenever he had the opportunity to do so. He stated that he loves his son.

When he was removed from respondents' custody in February 1982, at 17 months of age, Tod had no communication skills

and his intellectual development was significantly behind children of his own age. Tod is of normal intelligence. Since being removed from the custody of his natural parents, he has shown dramatic improvement in his intellectual development.

On 25 July 1983 Judge Edward Crotty signed the adjudication and disposition orders terminating respondents' parental rights. The orders were filed the following day. Respondent father then gave timely notice of appeal. Respondent father is the sole appellant; Ms. Clark does not appeal.

On 13 December 1983, appellant Clark filed a motion with the trial court for a new hearing on the petition to terminate his parental rights, on the ground that *In re Montgomery*, 62 N.C. App. 343, 303 S.E. 2d 324 (1983), *rev'd*, 311 N.C. 101, 316 S.E. 2d 246 (1984) filed in this Court on 7 June 1983, and published in the advance sheets on 14 September 1983, had enlarged the standard of proof in these cases. In an attempt to comply with *In re Montgomery*, on 28 December 1983 Judge Crotty signed an "Order Amending Judgment and Juvenile Disposition Order," which contained additional findings of fact. Appellant also excepted to the amended order.

*Powell, Triggs, Clontz & Alexander, by Douglas F. Powell, for petitioner-appellee Department of Social Services.*

*Hugh F. Williams, Jr., for respondent-appellant Larry Wayne Clark.*

*Richard Beyer, guardian ad litem for minor child, Tod Wayne Clark.*

EAGLES, Judge.

I

Appellant's principal assignment of error is that the trial court erred in concluding as a matter of law that he neglected his minor child within the meaning of G.S. 7A-289.32(2) and G.S. 7A-278(4), and G.S. 7A-289.32(4).

In its petition, petitioner DSS sought to terminate appellant's parental rights under G.S. 7A-289.32(2) and G.S. 7A-289.32(4). The following conclusions of law appear in the adjudication order:

[Conclusion No. 2] That Larry Wayne Clark and Patricia Whisnant Clark, the Respondents herein, have neglected the minor child within the meaning of North Carolina General Statutes § 7A-289.32(2) and § 7A-278(4).

[Conclusion No. 3] That the parents have wilfully left the child in the care of the Burke County Department of Social Services, Petitioner herein, for more than six (6) consecutive months without showing positive response or any interest in establishing a parental relationship to the said child or to provide for the future of said child.

These conclusions were duly incorporated by reference into the disposition order and the amended order.

A

[1] We are uncertain upon which statutory subsection of G.S. 7A-289.32 the trial court was relying in Conclusion No. 3, as it refers to none, and contains the grounds from G.S. 7A-289.32(3) but the time period from G.S. 7A-289.32(4). However, termination of parental rights may be upheld if the trial court properly has found one of the grounds enumerated in the statute. *In re Pierce*, 67 N.C. App. 257, 312 S.E. 2d 900 (1984). Since we find that the trial court properly terminated appellant's parental rights under G.S. 7A-289.32(2) on grounds of neglect, we need not determine whether Conclusion No. 3 supported a termination of appellant's rights under either G.S. 7A-289.32(3) or G.S. 7A-289.32(4).

B

[2] In Conclusion of Law No. 2, the trial court concluded that appellant had neglected his child pursuant to G.S. 7A-289.32(2) and G.S. 7A-278(4). G.S. 7A-289.32(2) (1983 Supp.) allows parental rights to be terminated for neglect upon a finding that the child is "a neglected child within the meaning of G.S. 7A-517(21)." Prior to a 1983 amendment, G.S. 7A-289.32 cited G.S. 7A-278(4) for the definition of a neglected child. G.S. 7A-278(4) has been repealed and replaced by G.S. 7A-517(21). By its reference to G.S. 7A-278(4) instead of G.S. 7A-517(21), the trial court inadvertently relied on the former version of G.S. 7A-289.32(2). *See* G.S. 7A-289.32(2) (1981). However, we find that the inadvertence did not prejudice appellant. The definitions of neglected child contained in the two

statutes are nearly identical. *See In re Smith*, 56 N.C. App. 142, 147, 287 S.E. 2d 440, 443, *cert. denied*, 306 N.C. 385, 294 S.E. 2d 212 (1982). (G.S. 7A-517(21) "tracks the language appearing in former N.C.G.S. 7A-278(4)".) The adoption of G.S. 7A-517(21) was primarily a recodification, rather than a change in the substantive law. The standard by which a child may be found neglected is unchanged.

## C

Since no prejudice resulted from the mistaken citation, the remaining issue is whether the record supports the findings of fact which in turn support the conclusions of law pertaining to the neglect of Tod by the appellant.

Almost simultaneously with the filing of the adjudication and disposition orders in this case, *In re Montgomery*, 62 N.C. App. 343, 303 S.E. 2d 324 (1983), *rev'd*, 311 N.C. 101, 316 S.E. 2d 246 (1984), was handed down by this Court. In reversing a decision of the trial court terminating parental rights for neglect, this Court stated that in light of *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed. 2d 599 (1982), "it is incumbent upon the court to determine whether love, affection, and the other intangible qualities to be found in a family relationship actually exist, along with the findings otherwise required." 62 N.C. App. at 353, 303 S.E. 2d at 329-30. Our Supreme Court has since reversed this decision and reinstated the judgment of the trial court on the grounds that by engrafting these non-physical or non-economic indicia onto the statutory requirements for neglect, the Court of Appeals had erroneously elevated the burden of proof in termination of parental rights cases.

Respondent argues that the fact that the petitioner moved to have the original orders amended in light of the Court of Appeals decision in *In re Montgomery* is the equivalent of an admission by petitioner that the original orders were inadequate. Since *Montgomery* has been reversed by the Supreme Court, there is no need for us to consider this point. Instead, we return our attention to the adjudication and disposition orders to determine whether they properly support a termination of appellant's parental rights on grounds of neglect.

### D

**[3]** The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law. *See, e.g., In re Ballard,* 63 N.C. App. 580, 306 S.E. 2d 150 (1983); *modified on other grounds,* 311 N.C. 708, 319 S.E. 2d 227 (1984). Aside from his argument that the court failed to comply with the now-discarded standard of *Montgomery,* the appellant principally relies on *In re Phifer,* 67 N.C. App. 16, 312 S.E. 2d 684 (1984). We held in *Phifer* that the risk of future harm to a child is not, standing alone, sufficient grounds upon which to base a termination for neglect:

> At the very most, these findings present a threat that at some time in the future respondent might not be able to provide adequate care and supervision, if she fails to change her habits and lifestyle. . . . A finding of fact that a parent abuses alcohol, without proof of adverse impact upon the child, is not a sufficient basis for an adjudication of termination of parental rights for neglect.

*Id.* at 25, 312 S.E. 2d at 689 (noting that G.S. 7A-544 allows DSS to obtain *temporary* custody based on a *risk* of neglect).

**[4]** Respondent's reliance on that case is misplaced. Unlike the mother in *Phifer,* respondent's alcoholism was not the sole grounds upon which the termination was based; furthermore, the findings, as supported by the evidence, demonstrate that Tod Clark *had been* neglected by his father, and exposed to more than mere risk of potential harm in the future. There was evidence that the respondent, while drunk, had directed a third person to shoot at six-week-old Tod's mother while she held him in her arms. Further, there was evidence that respondent was an alcoholic, that he had five DUI convictions (one of which resulted in his incarceration in late 1982), that he assaulted respondent mother, and that he contributed nothing towards Tod's support from February 1982 until the filing of this petition by the DSS. This evidence is more than sufficient to support the termination of respondent's parental rights for neglect under G.S. 7A-289.32 (2). *See, e.g., In re Pierce, supra.* ("Respondents' situation is characterized by instability, movement, unemployment, infrequent visitation, criminal history and inability to provide the

basic resources for their child"); *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982), *appeal dismissed sub nom. Moore v. Guilford County Dept. of Social Services*, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed. 2d 987 (1983) (trial court properly found neglect, although "[i]t is true that after the termination petition was filed, she began visiting the children and gave them gifts").

## II

[5] The respondent assigns error to the following finding of fact contained in the disposition order:

> That evidence has not been presented to refute the essential allegations contained in the Petition, or to show that the best interest of the minor child require[s] that the parental rights should not be terminated.

Respondent argues that by this finding, the trial court impermissibly placed the burden of proof upon the respondent to produce evidence of the absence of any conduct which would constitute a basis for terminating his parental rights. Although it is true that in order to terminate parental rights the burden of proof is on the petitioner to produce clear, cogent and convincing evidence to support one or more of the grounds enumerated in G.S. 7A-289.32, we do not believe that the quoted finding of fact shifts this burden of proof. The finding is nothing more than an accurate statement of the procedural stance of the case. The finding recites only that the respondents did not produce evidence that contradicted the allegations set forth in the petition. We have reviewed the evidence and find that in fact respondent had produced no evidence tending to refute these allegations. Although we do not approve of the somewhat inartful wording of this finding, it was not error.

## III

The respondent also assigns error to several findings of fact made by the trial court on the grounds they were not sufficiently supported by the evidence. We overrule these assignments of error on the grounds that the findings were in fact supported by the evidence, or that any discrepancies between proof and findings of fact were minor and non-prejudicial.

Respondent first assigns error to the finding that he admitted to assaulting his wife on 15 December 1982, when he had been drinking and they got into "a little scuffle." During his testimony respondent admitted to assaulting his wife. Although the record indicates some confusion as to the date of the incident, the exact date is not critical here.

Respondent also assigns error to a lengthy finding of fact summarizing the evidence upon which the conclusion of neglect is based. Respondent argues that this finding is erroneous because it incorrectly states that the child had been in the custody of the Burke County DSS since November 1980, when the record reveals that the final time Tod was removed from his parents' custody was February 1982. The respondent is correct that Tod was removed from his parents' custody for the last time in February (or possibly March) 1982. The contested finding is arguably free from error as it does not state that Tod has been in the *continuous* custody of the DSS since November 1980. But in any event, any ambiguity or even error in the dates is not prejudicial to respondent, as all the pertinent substantive matters in this finding of fact are correct and supported by competent evidence.

The respondent next assigns error to the finding concerning the shooting incident, namely, that respondent father and Richard Barrier were at respondent mother's trailer, that they were drunk at the time, that respondent father told Barrier to shoot at respondent mother while she held Tod in her arms, and that respondent father and Barrier were arrested in connection with the shooting. The evidence supports all aspects of this finding except whether appellant was actually arrested in connection with the shooting. This discrepancy does not rise to the level of prejudicial error.

[6] Furthermore, though appellant suggests that evidence of the incident should have been excluded on the grounds of remoteness, we disagree, based in part on the gravity of respondent father's conduct. Evidence pertaining to neglect will not be automatically excluded during a hearing to terminate parental rights on remoteness grounds if the relevance of the evidence outweighs any possible prejudice to the parent, particularly where there is other, more recent evidence as to neglect. *See In re Tate*, 67 N.C. App. 89, 312 S.E. 2d 535 (1984); *In re Moore, supra.*

Finally, it was not reversible error for the court to find that the respondent did not buy his son clothes and other items after the child was found neglected by the court.

## IV

Finally, respondent makes two arguments based on alleged errors in the December 1983 amended order: first, that the trial court erred in its conclusion of law that respondent's lack of concern for his son was illustrated by his "egging" Richard Barrier to shoot respondent mother, and second, that the trial court erred in signing the December 1983 order because there was neither clear, cogent and convincing evidence nor any findings of fact that would show the reasonable economic needs of the minor child. The trial court issued the amended order in an express effort to comply with the now-reversed case of *In re Montgomery, supra.* The findings and conclusions in the amended order are thus superfluous and any questions raised as to its contents are moot.

However, as to the first argument, we note that the record conclusively supports the finding that the father was the person who told Barrier to shoot. As to the second argument, we here affirm the trial court's order on grounds of neglect under G.S. 7A-289.32(2). Whether it was necessary for the trial court to make findings pertaining to the child's reasonable economic needs is not at issue here, since child support is relevant only to G.S. 7A-289.32(4).

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.