IN RE L.C.R.

[226 N.C. App. 249 (2013)]

IN THE MATTER OF L.C.R., O.N.R., J.T.R.

No. COA12-1195

Filed 2 April 2013

**Termination of Parental Rights—grounds—willfully left children for more than twelve months**

The trial court did not err by concluding that grounds existed to terminate respondent mother's parental rights based on willfully leaving the children in foster care or placement outside the home for more than twelve months without showing reasonable progress under the circumstances to correct the conditions which led to the children's removal.

Appeal by respondent-mother from order entered 25 May 2012 by Judge Michael D. Duncan in Wilkes County District Court. Heard in the Court of Appeals 18 March 2013.

*No brief filed for petitioner-appellees.*

*Robert W. Ewing, for respondent-appellant.*

CALABRIA, Judge.

Respondent-mother ("respondent") appeals the trial court's order terminating her parental rights to her minor children Joshua,[1] Ophelia, and Liam (collectively "the children").[2] We affirm.

On 8 February 2008, the Wilkes County Department of Social Services ("DSS") filed juvenile petitions alleging that the children were neglected due to their parents' drug and alcohol abuse. On 11 March 2008, the trial court entered a consent order which adjudicated the children as neglected juveniles and awarded legal custody of the children to DSS. DSS then placed the children in the home of the children's paternal grandparents ("petitioners").

---

1. Pseudonyms are used to protect the identities of the minor children.

2. The children share a common father, whose parental rights were also terminated. However, the father did not appear at or participate in the termination hearing and is not a party to this appeal.

After a permanency planning review hearing, the trial court entered an order on 3 September 2008 which awarded legal and physical custody of the children to petitioners. The court additionally concluded that the matter should be converted to a civil custody action pursuant to N.C. Gen. Stat. § 7B-911. DSS and the guardian *ad litem* were relieved of any further responsibility for the children.

On 28 September 2011 petitioners filed petitions to terminate the parental rights of the children's parents. On 19 March 2012, a termination hearing was conducted in Wilkes County District Court. Respondent appeared with counsel at the hearing and presented evidence.

On 25 May 2012, the trial court entered an order which terminated respondent's parental rights. The court's order concluded that grounds existed to terminate respondent's right because she (1) willfully left the children in foster care or placement outside the home for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made in correcting the conditions which led to the children's removal; (2) was incapable, due to substance abuse, of providing for the proper care and supervision of the children, and there was a reasonable probability that such incapacity will continue for the foreseeable future; and (3) had willfully abandoned the children for at least six consecutive months immediately preceding the filing of the petition. Respondent appeals.

Respondent argues that the trial court erred in concluding that grounds existed to terminate her parental rights. We disagree.

The standard of review for an order terminating parental rights is whether the findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings of fact. *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). The trial court's conclusions of law are reviewed *de novo*. *In re Pope*, 144 N.C. App. 32, 40, 547 S.E.2d 153, 158, *aff'd per curiam*, 354 N.C. 359, 554 S.E.2d 644 (2001).

Pursuant to N.C. Gen. Stat. § 7B-1111(a)(2), a court may terminate parental rights when "[t]he parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile." N.C. Gen. Stat. § 7B-1111(a)(2) (2011). Thus, this ground requires the trial court to determine that: (1) a child has been willfully left by the parent in foster care or placement outside the home for over twelve months, and (2) as of the time of the

hearing, the parent has not made reasonable progress under the circumstances to correct the conditions which led to the removal of the child. *In re O.C. & O.B.*, 171 N.C. App. 457, 464 65, 615 S.E.2d 391, 396 (2005).

This Court has explained that, for purposes of this ground for termination,

> the legislature did not intend for <u>any</u> separation between a parent and a child to trigger the termination ground set forth in G.S. § 7B-1111(a)(2)(failure to make reasonable progress). Instead, we conclude the statute refers only to circumstances where a court has entered <u>a court order</u> requiring that a child be in foster care or other placement outside the home.

*In re A.C.F.*, 176 N.C. App. 520, 525-26, 626 S.E.2d 729, 733-34 (2006). In the instant case, respondent contends that the trial court erroneously concluded that her rights were subject to termination under this ground because the children were not placed outside her home for more than twelve months *pursuant to a court order*. She argues that after the trial court's 3 September 2008 order granted legal and physical custody to petitioners and converted the juvenile case to a civil custody case, the children were "only under a *court order* requiring them to be in an out of home placement for approximately six months."

However, respondent fails to adequately explain why the court's order converting the neglect case into a civil custody case should not qualify as a "court order" under *A.C.F.* N.C. Gen. Stat. § 7B-911(a) specifically authorizes the court to "award custody of the juvenile to a parent or other appropriate person" as a possible disposition in a neglect proceeding. Moreover, by granting physical custody to petitioners, the court necessarily was requiring the children to reside in an out-of-home placement. *See* Black's Law Dictionary, 9th Edition 1263 (2009)(Physical custody in the family law context is defined as "[t]he right to have the child live with the person awarded custody by the court."). Thus, the children were still in an out-of-home placement pursuant to a court order after the trial court's 3 September 2008 order converted the neglect case to a child custody case. Accordingly, the children were in an out-of-home placement for well over twelve months prior to the filing of the termination petition on 28 September 2011.

Respondent additionally argues that N.C. Gen. Stat. § 7B-1111(a)(2) should not be available as a ground for termination in a private termination action where the petitioners are also the custodians of the minor children who are the subject of the petition. In support of her argument,

**IN RE L.C.R.**

[226 N.C. App. 249 (2013)]

respondent notes that, in order for a respondent-parent to regain custody under those circumstances, they must show more than the reasonable progress required by N.C. Gen. Stat. § 7B-1111(a)(2). The respondent-parent must also show that returning the children to the respondent-parent's custody is in the children's best interests. *See Hibshman v. Hibshman*, ___ N.C. App. ___, ___, 710 S.E.2d 438, 443 (2011).

However, the issue of whether or not the parent is in a position to actually regain custody of the children at the time of the termination hearing is not a relevant consideration under N.C. Gen. Stat. § 7B-1111(a)(2), since there is no requirement for the respondent-parent to regain custody to avoid termination under that ground. Instead, the court must only determine whether the respondent-parent had made "reasonable progress under the circumstances . . . in correcting those conditions which led to the removal of the juvenile." N.C. Gen. Stat. § 7B-1111(a)(2). Accordingly, the conditions which led to removal are not required to be corrected completely to avoid termination. Only reasonable progress in correcting the conditions must be shown. Thus, the fact that the neglect case had been converted to a child custody case is immaterial to a showing of reasonable progress, and the trial court properly concluded that respondent's parental rights could be terminated pursuant to N.C. Gen. Stat. § 7B-1111(a)(2). Respondent's arguments are overruled.

Because only one ground is required to terminate parental rights, it is unnecessary to address respondent's arguments concerning the other grounds for termination found by the court. *See In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006). The trial court's order is affirmed.

Affirmed.

Judges BRYANT and GEER concur.