An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1070
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

IN THE MATTER OF:

J.G.L. and L.D.L.                    Caldwell County
                                     Nos. 12 JT 154-55

Appeal by father from order entered 29 May 2013 by Judge Mark Killian in Caldwell County District Court. Heard in the Court of Appeals 27 January 2014.

> *Wilson, Lackey & Rohr, P.C., by Timothy J. Rohr, for petitioner-appellee mother.*
>
> *Richard Croutharmel for respondent-appellant father.*

STEELMAN, Judge.

Where the trial court found that father's conduct evinced a settled purpose to forego all parental duties and relinquish all parental claims for a time period well in excess of six months prior to the filing of the termination of parental rights action, the trial court did not err in concluding that father willfully abandoned the children. Where father failed to present any evidence suggesting his trial counsel had a conflict

of interest, father has not established a claim for ineffective assistance of counsel. The trial court did not err in denying father's Rule 60(b) motion.

## I. Factual and Procedural Background

J.D.L. (father) and A.N.S. (mother) were married 2 January 2002, but divorced 5 March 2008. On 23 January 2009, the trial court entered a child custody order, which granted joint custody of J.G.L. and L.D.L. (the children) to mother and father but gave primary physical custody to mother. The order set forth a visitation schedule for father. The order also required the parties to allow each other reasonable telephone contact with the children, to keep each other advised of their addresses and telephone numbers, and to keep each other apprised of the children's school and extracurricular activities.

On 16 October 2012, mother filed petitions to terminate father's parental rights to the children. The petitions alleged willful abandonment of the children, pursuant to N.C. Gen. Stat. § 7B-1111(a)(7), as the grounds for termination of parental rights. Father filed responses to the petitions on 19 November 2012, denying the material allegations of the petitions. The trial court held a hearing on the petitions on 1 May 2013. Father did not appear at the hearing, although he was

represented by counsel. On 29 May 2013, the trial court entered an order terminating father's parental rights to the children.

Father filed a motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure on 6 May 2013, seeking relief from the court's order terminating his parental rights. Father asserted that he mistakenly believed that the hearing was scheduled for 6 May 2013, and that his absence from the hearing was due to his inadvertent mistake and constituted excusable neglect. Father asked the trial court to set aside its order terminating his parental rights and hold a new hearing. The trial court heard father's Rule 60(b) motion on 25 June 2013, and denied the motion by order entered 12 July 2013.

On 23 July 2013, father filed notice of appeal from the order terminating his parental rights and the order denying his Rule 60(b) motion. Mother filed a motion to dismiss father's appeal of the order terminating parental rights in the trial court as being untimely. By order entered 12 September 2013, the trial court dismissed father's appeal of the order terminating his parental rights.

Father filed a petition for writ of *certiorari* with this Court on 3 October 2013, seeking review of the trial court's order terminating his parental rights. Mother did not file a

response to father's petition for *certiorari*. Due to the importance of issues involving the termination of parental rights, we exercise our discretion and allow father's petition for writ of *certiorari* and address the merits of his arguments pertaining to the order terminating his parental rights. *See In re I.S.*, 170 N.C. App. 78, 84-85, 611 S.E.2d 467, 471 (2005).

## II. Termination of Parental Rights

In his first argument, father contends that the trial court erred in concluding that he abandoned the children. We disagree.

## A. Standard of Review

"The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). A trial court may terminate parental rights if "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]" N.C. Gen. Stat. § 7B-1111(a)(7) (2013). "'Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence.'" *In re T.C.B.*, 166

N.C. App. 482, 485, 602 S.E.2d 17, 19 (2004) (quoting *In re Adoption of Searle*, 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986)).

> [A]bandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . .
>
> *[I]f a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child . . . .*

*In re Apa*, 59 N.C. App. 322, 324, 296 S.E.2d 811, 813 (1982) (citations and quotation marks omitted).

### B. Analysis

On appeal, father's argument is limited to whether the trial court's findings of fact support its conclusion of law that father abandoned the children. We hold that the trial court's findings of fact support its conclusion that father willfully abandoned the children. Mother's petition was filed 16 October 2012; the trial court found that father had not had any contact with the children since 23 July 2011, and that father's last in-person contact with the children was in May 2011. This contact was more than six months prior to the filing of mother's petition.

Moreover, the court found that prior to his last contact with the children, father's visitation with the children had steadily become less regular. The court further found that father had never been involved with the children's schooling. The trial court also found that mother continued to reside at the same home since the entry of the 2009 custody order. Father at all times knew where and how to contact the children, but purposefully and deliberately chose not to do so. The trial court's findings "evince[] a settled purpose to forego all parental duties and relinquish all parental claims to the [children,]" *Apa*, 59 N.C. App. at 324, 296 S.E.2d at 813, and support its conclusion of law that father willfully abandoned the children as defined by N.C. Gen. Stat. § 7B-1111(a)(7).

This argument is without merit.

## III. Ineffective Assistance of Counsel

In his second argument, father contends that he received ineffective assistance of counsel at the hearing on his Rule 60(b) motion. Father contends that a conflict existed with his trial counsel arising out of the failure of his trial counsel to advise him of the court date for the termination of parental rights hearing. We disagree.

## A. Standard of Review

"To prevail in a claim for ineffective assistance of counsel, respondent must show: (1) her counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) her attorney's performance was so deficient she was denied a fair hearing." *In re J.A.A.*, 175 N.C. App. 66, 74, 623 S.E.2d 45, 50 (2005).

## B. Analysis

Father argues that at the Rule 60(b) hearing, he testified that his trial counsel's office telephoned him and informed him that the termination of parental rights hearing would be held on 6 May 2013. Father contends that his failure to attend the termination of parental rights hearing was due solely to his counsel's mistake. Father further contends that his counsel attempted to conceal the mistake and had a conflict of interest with father at the Rule 60(b) hearing.

Father's motion for a relief pursuant to Rule 60(b) was premised upon father's "mistake, inadvertence, and/or excusable neglect," due to his mistaken belief that the termination of parental rights hearing was to be held on 6 May 2013. At the Rule 60(b) hearing, counsel elicited from father testimony that father was absent from the termination of parental rights hearing due to this mistaken impression of the date. Father

contends that trial counsel's failure to suggest that its own conduct was the cause of this misunderstanding was evidence of counsel's conflict. However, **t**he trial court found in its Order Denying Rule 60 Motion that:

10. Respondent's attorney notified Respondent by email of the proper court date, May 1, 2013.

11. The Respondent did not check his email between March 6, 2013, and May 3, 2013.

12. Between March 2013, and May 1, 2013, Respondent had physical problems with a herniated disk in his back and was going through a separation from his wife. Respondent relies on his wife to keep up with his court dates.

. . .

15. Between March 6, 2013, and May 3, 2013, Respondent had no contact with his attorney. Respondent claims to have tried to telephone his attorney's office. Respondent further did not follow up with a meeting with the guardian ad litem, even though the guardian ad litem was willing to accommodate Respondent's schedule and meet on a Saturday.

. . .

17. It was incumbent upon the Respondent to maintain communication and contact with his attorney given the serious nature of this proceeding, to wit, the termination of his parental rights to these two juveniles.

The trial court therefore concluded that there was no excusable neglect, inadvertence or mistake on father's part, that he failed to raise a meritorious defense, and that his motion should be denied. Father does not challenge the trial court's findings of fact based on this hearing, but rather contends that the trial court "should have recognized the conflict of interest[.]" Findings of fact that are not challenged are binding on appeal. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). We therefore hold that the trial court's findings that father failed to maintain contact with trial counsel, that it was incumbent upon father to maintain contact, and that it was father's failure to maintain contact, and not any excusable neglect or mistake, which caused father to miss the termination of parental rights hearing, are binding upon this Court. These findings support the trial court's conclusion that there was no excusable neglect, and that father's motion for relief pursuant to Rule 60(b) should be denied.

This argument is without merit.

AFFIRMED.

Judges HUNTER, ROBERT C. and BRYANT concur.

Report per Rule 30(e).