An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-971

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

IN THE MATTER OF:

C.G., M.G., A.G.                          Orange County
                                         Nos. 11 JT 76-78


Appeal by respondent-father from orders entered 27 December 2012 and 29 May 2013 by Judge Joseph Moody Buckner in Orange County District Court. Heard in the Court of Appeals 27 February 2014.


> *Holcomb & Cabe, LLP, by Samantha H. Cabe and Carol J. Holcomb, for petitioner-appellee, Orange County Department of Social Services.*
>
> *Troutman Sanders LLP, by Whitney S. Waldenberg for Guardian ad Litem.*
>
> *Hunt Law Group, P.C., by James A. Hunt for respondent-appellant, father.*


ELMORE, Judge.

Respondent-father appeals from district court orders ceasing reunification efforts and terminating his parental rights to his children "Carl," "Mary," and "Amy"[1]. We affirm.

On 6 October 2011, Orange County Department of Social Services ("DSS") filed petitions alleging that Carl, Mary, and Amy were neglected and dependent juveniles. DSS alleged that respondent-father and the mother ("respondents") had a history of drug abuse and domestic violence. By consent order filed 11 October 2011, the trial court adjudicated the children dependent. The parties agreed that legal custody of the children would remain with respondents, who voluntarily placed the children with paternal relatives.

DSS obtained legal custody of the children in February 2012 when the paternal relatives could not care for the children long-term. The trial court conducted subsequent permanency planning hearings and, on 6 December 2012, ceased reunification efforts with the father. Respondent-father preserved his right to appeal from the order ceasing reunification efforts.

On 30 January 2013, DSS filed motions to terminate respondent-father's parental rights to the children. DSS

---

[1]The pseudonyms "Carl," "Mary," and "Amy" are used throughout this opinion to protect the identity of the children and for ease of reading.

alleged that respondent-father's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect), N.C. Gen. Stat. § 7B-1111(a)(2) (2013) (failure to make reasonable progress), N.C. Gen. Stat. § 7B-1111(a)(3) (2013) (failure to pay reasonable cost of care), and N.C. Gen. Stat. § 7B-1111(a)(6) (2013) (dependency). The mother relinquished her parental rights to the children on 18 March 2013.

The termination of parental rights hearing was held on 2 May 2013, after which the trial court found that grounds existed to terminate respondent-father's parental rights on the basis of neglect, failure to make reasonable progress, and dependency. The trial court determined that termination of respondent-father's parental rights was in the best interests of Carl, Mary, and Amy and entered orders terminating his rights. Respondent-father appeals.

## I. Cessation of Reunification Efforts

In his first argument on appeal, respondent-father contends that the trial court erred when it ceased reunification efforts. We disagree.

"This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate

findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). "When a trial court ceases reunification efforts with a parent, it is required to make findings of fact pursuant to N.C. Gen. Stat. § 7B-507(b)." *In re C.M.*, 183 N.C. App. at 213-14, 644 S.E.2d at 594 (citations omitted). "A trial court may cease reunification efforts upon making a finding that further efforts 'would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]'" *Id.* at 214, 644 S.E.2d at 594 (quoting N.C. Gen. Stat. § 7B-507(b)(1)).

Respondent-father does not challenge any evidentiary findings of fact as unsupported by the evidence, nor does he challenge the conclusions of law as unsupported by the findings of fact. Nevertheless, respondent-father argues that the trial court abused its discretion in ceasing reunification efforts

because he "had substantially complied with his caseplan [sic]." The trial court's findings of fact show that respondent-father made some progress towards correcting the conditions that led to the children's removal by "recently enter[ing]" a year-long substance abuse program. However, the trial court found that respondent-father had been "in and out of substance abuse treatment programs[,]" "has minimized the effect his chronic substance abuse has had on the family[,]" and "has shown little accountability for his actions." Further, the trial court found that reunification "would be futile and/or inconsistent with the juveniles' health, safety, and need for a safe, permanent home within a reasonable period of time." As such, we conclude that the unchallenged findings of fact support the trial court's decision to cease reunification efforts. *See In re T.K.*, 171 N.C. App. 35, 38, 613 S.E.2d 739, 741 (holding that a parent's failure to make sufficient progress on correcting the conditions that led to removal supports conclusions made pursuant to N.C. Gen. Stat. § 7B-507(b)), *aff'd per curiam*, 360 N.C. 163, 622 S.E.2d 494 (2005).

## II. Grounds for Termination

Respondent-father next contends that the trial court erred in finding and concluding that grounds existed to terminate his parental rights. We disagree.

"The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984).

Here, the trial court found that respondent-father's parental rights were subject to termination based upon three grounds: neglect (N.C. Gen. Stat. § 7B-1111(a)(1)), failure to make reasonable progress (N.C. Gen. Stat. § 7B-1111(a)(2)), and dependency (N.C. Gen. Stat. § 7B-1111(a)(6)). Respondent-father, however, only challenges the trial court's determination regarding neglect. Because respondent-father does not challenge the trial court's determinations on the issue of failure to make reasonable progress or dependency, we need not address respondent-father's argument. *See In re Pierce*, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984) (a finding of one statutory ground is sufficient to support the termination of parental rights).

**III. Best Interests**

Respondent finally contends the trial court abused its discretion in concluding that the termination of his parental rights was in the best interests of his children. We disagree.

"After an adjudication that one or more grounds for terminating a parent's rights exist, the [trial] court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2013). In determining whether terminating the parent's rights is in the juvenile's best interest, the court shall consider the following:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

*Id.* Here, the trial court made the following findings of fact to support its conclusion that it is in the best interests of the children that respondent-father's rights be terminated:

17. . . . Although [Carl] was initially anxious in foster care, he has been in therapy and has made significant improvements. His current foster parents want to adopt him.

18. . . . Since being in her current foster home, [Mary] has made improvements in all regards. The foster parents want to adopt [Mary].

19. [Amy] is in the same foster home as her sister and they will be adopted together[.]

20. The children rarely mention their father and there is no reportable bond between them.

21. The children are bonded to their foster parents, appear happy and healthy.

22. The biological mother of the children has relinquished her parental rights, thus freeing them for adoption.

. . . .

30[b]. Termination of Respondent's parental rights is necessary to implement the permanent plan of adoption.

30[c]. Termination of Respondent father's parental rights is the only barrier to the adoption of the child and this barrier can be overcome in a reasonable period of time.

Respondent does not argue that the trial court failed to make the findings of fact required by N.C. Gen. Stat. § 7B-1110(a). Rather, respondent argues that "since the respondent-mother's parental rights were not terminated at the time of the

trial court's order," termination of his parental rights did not advance the goal of "permanence for the children[.]" Respondent's argument is without merit because the mother relinquished her parental rights before the termination orders were entered, as was recited in finding of fact 22. Thus, contrary to respondent-father's assertion, terminating respondent-father's parental rights was "the only barrier to adoption of the child[ren][.]" Based on this evidence and the trial court's dispositional findings of fact, we discern no abuse of discretion in the trial court's determination that termination was in the best interests of Carl, Mary, and Amy.

For the foregoing reasons, we affirm the trial court's orders ceasing reunification efforts and terminating respondent-father's parental rights.

Affirmed.

Judge CALABRIA and Judge STEPHENS concur.

Report per Rule 30(e).