An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1379
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

IN THE MATTER OF:

    M.A.H.

Guilford County
No. 10 JT 555

Appeal by respondent-mother from orders entered 22 July and 4 September 2013 by Judge Thomas Jarrell in Guilford County District Court. Heard in the Court of Appeals 28 April 2014.

> *Lindley Law Firm, PLLC, by Salam B. Skeen, for petitioner-appellees.*

> *Leslie Rawls for respondent-appellant mother.*

HUNTER, Robert C., Judge.

Respondent J.S. appeals from orders terminating her parental rights to her minor child, M.A.H.[1] ("the juvenile"). After careful review, we affirm.

**Background**

Respondent gave birth to the juvenile in September 2006. In November 2006, respondent and the juvenile began living in

---

[1] Initials are used to protect the identity of the juvenile.

the home of the petitioners, who are respondent's great aunt and uncle. On 14 February 2007, petitioners obtained an *ex parte* emergency custody order granting them sole and exclusive emergency custody of the juvenile. An order granting petitioners' permanent custody of the juvenile was rendered by the trial court in open court on 10 September 2007; however, the order was not reduced to writing and entered until 28 November 2011.

Petitioners filed their first petition to terminate respondent's parental rights on 20 December 2010, alleging grounds of neglect and willful abandonment. After a hearing on 23-24 January and 1 February 2012, the trial court entered an order dismissing the petition on 13 March 2012.

Petitioners filed a second petition to terminate respondent's parental rights on 21 December 2012, alleging grounds of neglect, dependency, willful abandonment, and failure to make reasonable progress to correct the conditions which led to the removal of the juvenile from her home. After a hearing on 1 July 2013, the trial court entered an adjudication order on 22 July 2013 in which it concluded grounds existed to terminate respondent's parental rights based on neglect, willful abandonment, and failure to make reasonable progress to correct

the conditions which led to the removal of the juvenile from her home. The trial court continued the matter until 30 July 2013, when it held a disposition hearing. On 4 September 2013, the trial court entered a disposition order terminating respondent's parental rights to the juvenile. Respondent filed timely notice of appeal.

## Arguments

Respondent first argues the trial court erred by entering a written order that differs materially from the order rendered in open court. Respondent contends it was error for the trial court to enter an order finding multiple grounds existed to terminate her parental rights, when it rendered judgment finding only the ground of abandonment. However, "it is well-established that 'an order rendered in open court is not enforceable until it is 'entered,' *i.e.*, until it is reduced to writing, signed by the judge, and filed with the clerk of court.'" *In re K.S.*, 183 N.C. App. 315, 330, 646 S.E.2d 541, 549 (2007) (quoting *In re L.L.*, 172 N.C. App. 689, 698, 616 S.E.2d 392, 397 (2005)). Thus, the trial court's oral ruling finding the existence of only the ground of abandonment was not final, and the court had the authority to alter its ruling in its written order. *Id.*

We next address respondent's argument that the trial court's findings are insufficient to support its conclusion that grounds existed to terminate respondent's parental rights based upon her abandonment of the juvenile pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). This Court reviews the adjudication of the existence of grounds to terminate parental rights to determine "whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Clark*, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). A trial court may terminate parental rights if "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]" N.C. Gen. Stat. § 7B-1111(a)(7) (2013). "'Whether a biological parent has a willful intent to abandon [her] child is a question of fact to be determined from the evidence.'" *In re T.C.B.*, 166 N.C. App. 482, 485, 602 S.E.2d 17, 19 (2004) (quoting *In re Adoption of Searle*, 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986)).

> [A]bandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child . . . . [I]f a parent withholds [her] presence, [her] love, [her] care, the opportunity to display filial affection, and wilfully

neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child . . . .

*In re Apa*, 59 N.C. App. 322, 324, 296 S.E.2d 811, 813 (1982) (citations and quotation marks omitted).

Here, the trial court made the following relevant findings of fact regarding respondent's abandonment of the juvenile:

> 10. Respondent-Mother has not exercised her parental rights to visit [the juvenile] pursuant to the Courts' [sic] [Custody] Order entered on November 28, 2011. Respondent-mother testified that she was not allowed to visit on some occasions. The Court is not convinced that the respondent-mother did not know of any remedies, including Motions for Contempt, since she has previously filed such a motion.

> 11. During the time the minor child was in the legal custody of the petitioners the respondent mother . . . failed to comply with the Courts' [sic] visitation Order and in a light most favorable to the respondent-mother, the Court finds she visited approximately five (5) times in the past twelve (12) months and had no visits in the six (6) months prior to the filing of this Petition. Further, the respondent-mother has made no effort to develop a meaningful bond with the juvenile.

> 12. On one occasion during the prior hearing for termination of parental rights in 2010 the respondent-mother gave the minor child a card and a couple of Christmas presents.

> 13. . . .
>     a. Respondent-mother has neglected her minor child . . . in that the

> respondent-mother has not provided proper care, supervision or discipline or any love or affection for at least six (6) consecutive months immediately preceding the filing of this petition. She has abandoned the minor child and did not provide the necessary remedial care for him.
>
> b. Respondent-mother has neglected her minor child . . . in that for at least six (6) months prior to the filing of this Petition the respondent-mother has not provided any financial support for her minor child, purchased gifts, cards, birthday presents or Christmas presents.

Respondent's sole challenge to these findings of fact is to the court's finding regarding her knowledge of a remedy, including motions for contempt, to petitioners' alleged interference with her visitation with the juvenile. Respondent contends that mere knowledge that she could file a motion for contempt to enforce her visitation rights is insufficient to support abandonment given that there was nothing in the record to suggest she could afford an attorney to file such a motion, or that she had the education, skill, knowledge or ability to prepare her own motion and meet the subsequent procedural requirements to have the motion heard. Respondent has not challenged any of the other above findings of fact on appeal,

and they are thus binding on this Court. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

We are sympathetic to the difficulty faced by respondent in pursuing a legal remedy for petitioners' alleged interference with her visitation rights. However, petitioner's complete failure to show that she made any attempt to enforce her visitation rights, whether through contempt proceedings or otherwise, supports the trial court's conclusion that she abandoned the juvenile. Respondent made no attempt to enforce her visitation rights, did not visit with the juvenile at all during the six months immediately preceding the filing of the petition to terminate her parental rights, provided no financial support for the juvenile, and sent the juvenile no cards or presents since 2010. The trial court's findings "evince[] a settled purpose to forego all parental duties and relinquish all parental claims to the [juvenile,]" *Apa*, 59 N.C. App. at 324, 296 S.E.2d at 813, and support its conclusion that respondent willfully abandoned the juvenile.

Because the existence of one of the enumerated grounds under N.C. Gen. Stat. § 7B-1111 is sufficient to support termination of respondent's parental rights, we need not address her remaining arguments regarding the grounds of neglect and

failure to make reasonable progress to correct the conditions that led to the removal of the juvenile from her home. *In re B.S.D.S.*, 163 N.C. App. 540, 546, 594 S.E.2d 89, 93-94 (2004). Accordingly, we affirm the trial court's adjudication order concluding grounds exist to terminate respondent's parental rights to her minor child M.A.H.

Respondent also argues that the trial court abused its discretion in concluding that terminating her parental rights is in the juvenile's best interest. We disagree.

"After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2013). In making its determination, the court shall consider and make written findings about each of the following criteria, if relevant:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive

> parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

*Id.* "We review the trial court's decision to terminate parental rights for abuse of discretion." *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002).

Respondent contends that the trial court's findings of fact are insufficient to support its conclusion, and that the court's conclusion rests solely on the availability of adoptive parents able to provide support for the juvenile. Respondent concedes, however, that the trial court made written findings of fact about each of the criteria set forth in section 7B-1110(a) when it concluded that terminating her parental rights was in the juvenile's best interest. The court found the juvenile is six years old and had known no parents other than petitioners. Further, the court found petitioners had filed a petition to adopt the juvenile, that the likelihood of adoption was very good, and that termination of respondent's parental rights would aid in achieving a permanent plan for the juvenile. Lastly, the court found respondent's bond with the juvenile is weak to non-existent and that petitioners have a strong and loving relationship with the juvenile.

We hold the trial court's findings of fact show that it carefully considered all of the statutory factors in determining whether terminating parental rights was in the best interests of the juvenile, and did not base its conclusion solely on the availability of adoptive parents. We conclude the trial court's decision to terminate parental rights does not constitute an abuse of discretion, and affirm the court's order terminating respondent's parental rights to her minor child M.A.H.

## Conclusion

Based on the foregoing reasons, we affirm the trial court's order.


AFFIRMED.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).